W. Greg Lockwood, OSB No. 114415
wglockwood@grsm.com
GORDON REES SCULLY MANSUKHANI LLP
1300 SW Fifth Ave., Suite 2000
Portland, OR 97201
Tel: (503) 222-1075
Fax: (503) 616-3600

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| BRIDGE HOUSING CORPORATION, <br><br>                    Plaintiff, <br><br>      vs. <br><br> ADDIE SMITH, <br><br>                    Defendant. | Case No. 3:25-cv-02439 <br><br> **PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD** |

Pursuant to Sections 9 and 13 of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), Petitioner BRIDGE Housing Corporation ("Petitioner" or "BRIDGE") hereby respectfully requests this Court confirm and enforce the Amended Final Arbitration Award ("Final Award") entered on December 24, 2025, in the matter *BRIDGE Housing Corporation v. Addie Smith*, JAMS Arbitration Reference No. 5100003374 (the "Arbitration"). Ex. 1. The Final Award resolves all claims submitted in the Arbitration, grants judgment in BRIDGE's favor on its defamation and tortious interference claims against *pro se* Respondent Addie Smith ("Ms. Smith"), grants judgment in BRIDGE's favor on Ms. Smith's wrongful termination counterclaim, imposes a permanent injunction, and awards BRIDGE its reasonable attorneys' fees, costs, and statutory interest. *Id*. No grounds exist to vacate, modify, or correct the Final Award. Finally, the Parties

---

**PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD** - Page 1
 (Case No. 3:25-cv-02439)

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Ave., Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

agreed that where, as here, the Arbitrator has issued a Final Award, "[a] court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration." Ex. 2 at ¶ 8. Confirmation is, therefore, mandatory.

## I.    THE PARTIES

BRIDGE is a California nonprofit public benefit corporation that maintains its principal place of business at 350 California Street, 16th Floor San Francisco, CA 94104. BRIDGE owns, develops, and operates affordable housing across the West Coast (the Portland and Seattle metropolitan areas and throughout California). In doing so, BRIDGE creates safe, healthy, and affordable housing for those in need, offering a range of affordable, multifamily housing communities.

Ms. Smith worked for BRIDGE for approximately three (3) weeks before her employment was terminated for cause. Upon information and belief, Ms. Smith resides at 1415 Southeast Pardee Street, #404 Portland, OR 97202.

## II.    JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of costs and interest. Specifically, BRIDGE asks this Court to enforce the Final Award, which includes a monetary award of $232,803.68. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2), and the Divisional Venue is proper pursuant to LR 3-2, because upon information and belief, Ms. Smith resides in Portland, a substantial part of the events giving rise to the Petition occurred in Portland, and enforcement of the Permanent Injunction will occur in Portland.

## III.    AGREEMENT

In connection with her employment with BRIDGE, on June 23, 2025, Ms. Smith executed the Arbitration Agreement, which is attached hereto as Exhibit 2 (the "Agreement"). The parties to the Agreement are Ms. Smith, BRIDGE Housing Corporation, and Bridge Property Management Company. *Id*. at ¶ 1. The parties agreed that the "Agreement is a contract governed

---

**PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD** - Page 2
(Case No. 3:25-cv-02439)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Ave., Suite 2000
Portland, OR  97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* and evidences a transaction involving commerce." *Id*. The mutual agreement to arbitrate applies to:

> [A]ny dispute, past, present, or future, that the Company may have against you or that you may have against: (1) Company; (2) its officers, directors, principals, shareholders, members, owners, employees, or agents; (3) Company's benefit plans or the plan's sponsors, fiduciaries, administrators, affiliates, or agents; and (4) all successors and assigns of any of them. Each and all of the entities or individuals listed in (1) through (4) of the preceding sentence can enforce this Agreement. **All disputes covered by this Agreement will be decided by a single arbitrator through final and binding arbitration and not by way of court or jury trial.**

*Id*. (emphasis in original).

The Agreement provides that disputes will be arbitrated "under the then current JAMS Employment Arbitration Rules & Procedures ('JAMS Rules')." *Id*. at ¶ 3. The Arbitrator "shall apply the substantive federal, state, or local law applicable to the claims asserted." *Id*. With respect to remedies, the Agreement provides that the Arbitrator may "award any remedy to which a party is entitled under applicable law." *Id*. Finally, the Agreement provides that "[a] court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration." *Id*. at ¶ 8.

## IV.    FACTUAL AND PROCEDURAL BACKGROUND

BRIDGE initiated the Arbitration on August 8, 2025, asserting claims for Tortious Interference with Economic Relations, Defamation (Libel and Slander), and for Injunctive Relief. BRIDGE sought actual and consequential damages, punitive damages, attorneys' fees, costs, expert witness fees, available penalties, pre-judgment and post-judgment interest, and for such further legal and equitable relief available and as the Arbitrator deemed just and proper. BRIDGE also sought a temporary restraining order, and preliminary and permanent injunctive relief

**PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD** - Page 3
(Case No. 3:25-cv-02439)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Ave., Suite 2000
Portland, OR  97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

precluding Ms. Smith from interfering with and disparaging BRIDGE (including its directors, officers, and employees).

On August 19 and 20, JAMS commenced the Arbitration and issued all required paperwork. Ex. 3.[1] JAMS provided a list of potential arbitrators, and the parties selected the Honorable Randa Trapp (Ret.). *Id.*; Ex. 4. As a retired judicial officer, Arbitrator Trapp fit the qualifications required by the Agreement. Ex. 4 at ¶ 3 ("the Arbitrator shall be… a retired federal or state judicial officer from any jurisdiction").

Ms. Smith requested, and was granted, an extension of time to file her answer, jurisdictional challenges, and any applicable counterclaims. On September 28, 2025, Ms. Smith filed a "Response and Counterclaim." Ms. Smith's "Response" was effectively her Answer to BRIDGE's Demand for Arbitration. Ms. Smith also asserted a counterclaim under ORS 659A.119 *et seq.*, or "Wrongful Termination for Unlawful Reasons/Retaliatory Termination." BRIDGE submitted an Answer to the Counterclaim and denied any unlawful conduct.

On September 30, 2025, the parties attended a Scheduling Conference. Ex. 5. BRIDGE's Counsel stated that they did not consent to Ms. Smith secretly video recording them. The Arbitrator asked Ms. Smith if she was recording, to which Ms. Smith falsely stated that she was not. The Arbitrator explicitly ruled that Ms. Smith was not permitted to video record hearings and the only recordings permitted would be through approved methods to which the parties consented. The Arbitrator memorialized her ruling in the Scheduling Order. *Id.* at 6.

Prior to the Scheduling Conference, on September 10, 2025, BRIDGE filed a Motion for Temporary Restraining Order and Preliminary Injunction. The Arbitrator granted Ms. Smith through October 17, 2025, to file her response and any evidence she wanted to submit ahead of the hearing on the motion. Ex. 5 at 3. Ms. Smith took full advantage of that time, filing a response in opposition to the motion and numerous documents, pictures, and secretly recorded videos she apparently believed supported her position.

---

[1] Duplicate documents in filings have been removed.

**PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD** - Page 4
(Case No. 3:25-cv-02439)

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Ave., Suite 2000
Portland, OR  97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

On October 31, 2025, a hearing was held on the merits of BRIDGE's Motion for Temporary Restraining Order and Preliminary Injunction. Ms. Smith asked to video record the hearing. That request was denied. In direct violation of the Arbitrator's orders, Ms. Smith covertly recorded both the Scheduling Conference and the October 31, 2025, hearing.

Ms. Smith had full and fair opportunity to present her opposition to BRIDGE's Motion for Temporary Restraining Order and Preliminary Injunction. At the October 31, 2025, hearing, she presented the "evidence" that she filed in support of her response in opposition to BRIDGE's motion, and she articulated her legal arguments why she believed an injunction was not warranted. Although Ms. Smith denied that her conduct was unlawful, she did not deny that she had contacted numerous third parties to try to force them to stop doing business with BRIDGE. Ms. Smith also did not deny making highly inflammatory and defamatory statements about BRIDGE and its principals to affect her desired ends. While Ms. Smith did not deny taking the actions at issue, she presented what she believed to be evidence proving that her extreme defamatory statements about BRIDGE were true. As described by the Arbitrator, that evidence was "woefully deficient." Ex. 1 at 6.

On November 4, the Arbitrator entered an Order and granted BRIDGE's Motion for Temporary Restraining Order and Preliminary Injunction ("Preliminary Injunction").[2] Ex. 6. In the Preliminary Injunction, the Arbitrator recounted that the Agreement specifically provided that the Arbitrator may award "any remedy to which a party is entitled under applicable law" and that any such arbitration proceedings would be conducted under the JAMS Rules. *Id.* at 2. The Arbitrator explained that JAMS Rule 24 provides, in relevant part, that the Arbitrator may grant any interim measures as needed, including injunctive relief. *Id.* The Arbitrator evaluated the parties' arguments and evidence and ruled that BRIDGE was likely to succeed on the merits of its claims for defamation and tortious interference, it would suffer imminent irreparable harm if Ms. Smith was not enjoined, the equities tipped in BRIDGE's favor, and there was "no public interest

---

[2] On November 10, 2025, the Injunction was amended and refiled to correct a scrivener's error.

**PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD** - Page 5
(Case No. 3:25-cv-02439)

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Ave., Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

in allowing Ms. Smith to continue to harass, intimidate, and defame Bridge." *Id*. at 5-12. The Arbitrator, therefore, entered the following Preliminary Injunction:

> Respondent Addie Smith is enjoined from taking any action, directly or indirectly, that is intended to or has the effect of interfering with [BRIDGE's] business relationships through defamatory statements or otherwise. Specifically, Ms. Smith shall cease and desist from contacting third parties to the extent such contact involves prohibited statements about BRIDGE.

> Third parties include but are not limited to all of BRIDGE's current and prospective funders, donors, lenders, housing authorities, general contractors, subcontractors, oversight agencies and commissions, and other entities with whom BRIDGE transacts business. Third parties include individuals who are employed by, sit on the Boards of, or are affiliated with any of the foregoing third parties.

> Prohibited statements include, but are not limited to, those which are designed to, or have the effect of, discouraging the third party from entering into or continuing its relationship with BRIDGE.

> Statements are about BRIDGE if the reasonable listener would believe they relate to the company itself or BRIDGE's leadership or employees acting in their capacity as such.

> This Order shall remain in effect until a final judgment on the merits is rendered.

Ex. 6 at 12-13.

Immediately after the Preliminary Injunction was issued, Ms. Smith proclaimed that she would not abide by the Preliminary Injunction or any of the Arbitrator's other orders. Ms. Smith went on a tirade, egregiously defaming BRIDGE and its principals, attempting to coerce decisionmakers at third parties to end their relationships with BRIDGE, distributing snippets of her surreptitious recordings of the hearings, and making outrageous and false accusations about BRIDGE's counsel and the Arbitrator. Ms. Smith was repeatedly warned that her continued violation of the Preliminary Injunction and Arbitrator's other orders would result in serious sanctions. Ms. Smith was warned that, under JAMS Rule 29, sanctions could include an order that she pay BRIDGE's attorney's fees and costs and judgment in BRIDGE's favor on its claims and her counterclaim. On numerous occasions, Ms. Smith was explicitly directed to JAMS Rule 29, which provides:

---

**PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD** - Page 6
(Case No. 3:25-cv-02439)

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Ave., Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

The Arbitrator may order appropriate sanctions for failure of a Party to comply with its obligations under any of these Rules or with an order of the Arbitrator. These sanctions may include, but are not limited to, **assessment of Arbitration fees and Arbitrator compensation and expenses; any other costs occasioned by the actionable conduct, including reasonable attorneys' fees**, exclusion of certain evidence; drawing adverse inferences; or, in extreme cases, **determining an issue or issues submitted to Arbitration adversely to the Party that has failed to comply**.

JAMS Rule 29 (emphasis added).

Ms. Smith was recalcitrant, and she unapologetically proclaimed she would never comply with the Arbitrator's orders, including the Preliminary Injunction. Ms. Smith continued to egregiously defame BRIDGE and its principals, attempted to coerce decisionmakers and third parties to end their relationships with BRIDGE, and she distributed snippets of her surreptitious recordings—misrepresenting the content of those videos in the process.

BRIDGE filed three separate Notices of Injunction Violations (dated November 10, 2025, November 11, 2025, and November 17, 2025) and a fourth Notice of Supplemental Evidence (dated November 24, 2025). Ms. Smith's defamation of BRIDGE was completely egregious, and she made many of the same false statements that were explicitly identified as defamatory in the Preliminary Injunction. What's more, Ms. Smith admitted that she made the statements for the purpose of forcing third parties to stop doing business with BRIDGE and to force specific members of BRIDGE's management to resign. BRIDGE provided the Arbitrator with evidence of multiple instances where Ms. Smith violated the Preliminary Injunction and the Arbitrator's other orders prohibiting distribution of the unlawfully recorded videos. Ms. Smith filed written responses to the notices. Ms. Smith did not deny taking the actions described in the notices, nor did she deny violating the Arbitrator's other orders. Instead, Ms. Smith argued that she was justified in taking such actions.

A hearing on Ms. Smith's repeated violations of the Preliminary Injunction and Arbitrator's other orders was held on November 24. Ms. Smith was aware of the hearing but proclaimed she would no longer participate in the Arbitration.

---

**PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD** - Page 7
(Case No. 3:25-cv-02439)

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Ave., Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

Based on BRIDGE's four notices, the evidence presented, and the proceedings thus far, including Ms. Smith's emphatic proclamations that she would not comply with the Arbitrator's orders and that she would no longer participate in the Arbitration, the Arbitrator determined this was an "extreme case" under JAMS Rule 29, warranting terminating sanctions. Ex. 7. The Arbitrator entered judgment in favor of BRIDGE and against Ms. Smith on BRIDGE's claims and Ms. Smith's counterclaim. *Id*. The Arbitrator also entered a Permanent Injunction as follows:

> Respondent Addie Smith is enjoined from taking any action, directly or indirectly, that is intended to or has the effect of interfering with BRIDGE's business relationships through defamatory statements or otherwise. Specifically, Addie Smith shall cease and desist from contacting third parties to the extent such contact involves prohibited statements about BRIDGE;

> Third parties include but are not limited to all of BRIDGE's current and prospective funders, donors, lenders, housing authorities, general contractors, subcontractors, oversight agencies and commissions, and other entities with whom BRIDGE transacts business. Third parties include individuals who are employed by, sit on the Boards of, or are affiliated with any of the foregoing third parties;

> Prohibited statements include, but are not limited to, those which are designed to, or have the effect of, discouraging the third party from entering in to or continuing its relationship with BRIDGE.

> Statements are about BRIDGE if the reasonable listener would believe they relate to the company itself or BRIDGE's current or former leadership, or employees acting in their capacity as such. For the avoidance of doubt, BRIDGE's leadership and/or employees includes but is not limited to Ken Lombard, Delphine Sherman, Sierra Atilano, Rebecca Hlebasko, Jen Nelson, Nancy Nelson, Kira Bogle, Marco Ponce, Karen Felix, Chris Felix, and Sarah Buck.

*Id*.

The Arbitrator certified that Ms. Smith had violated the Preliminary Injunction. *Id*. Finally, the Arbitrator invited BRIDGE to submit a request for reimbursement of its fees and costs. *Id*.

On December 11, BRIDGE filed its Petition for Attorney's Fees and Costs. On December 12, Ms. Smith filed an "Objection to [BRIDGE's] Petition for Attorney's Fees and Costs." On December 18, BRIDGE filed its Reply in Support of its Petition.

**PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD** - Page 8
(Case No. 3:25-cv-02439)

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Ave., Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

On December 24, 2025, the Arbitrator entered the Amended Final Award. Ex. 1 at 1.[3] The Arbitrator explained that she reviewed the parties' submissions, proof, and allegations, Ms. Smith's post-judgment responses, objections, and numerous unrelated exhibits, and briefing on BRIDGE's Notices of Continuous Violations of Injunction and Request for Immediate Intervention and Sanctions, Ms. Smith's "Response" to BRIDGE's Proposed Final Order, and BRIDGE's Petition For Attorney's Fees and Costs and Ms. Smith's opposition to the same. *Id*. The Arbitrator explained that she found Ms. Smith's objections and responses to be without merit, and she noted that Ms. Smith did not actually dispute much of the factual or legal basis for the Arbitrator's tentative ruling, and she therefore issued final findings of fact and conclusions of law in BRIDGE's favor. *Id*. After thoroughly reciting the facts and applicable law, the Arbitrator entered JUDGMENT as follows:

1.    Judgment is granted in favor of BRIDGE and against Respondent Addie Smith on BRIDGE's defamation and tortious interference claims.

2.    Judgment is granted in favor of BRIDGE and against Respondent Addie Smith on her "Counterclaim pursuant to Or. Rev. Stat. § 659A.199."

3.    The Permanent Injunction detailed above remains in effect.

4.    BRIDGE is awarded attorneys' fees in the amount of $192,587.10 and costs in the amount of $40,216.58. All amounts are subject to 9% interest in accordance with Or. Rev. Stat. § 82.010. Payment shall begin immediately.

*Id*. at 27.

The Arbitrator made clear that the Award "resolves all claims between the parties submitted for decision in this Arbitration." *Id*.

///

///

---

[3] The Final Award was originally issued on December 23 but re-issued the following day to correct typographical errors.

PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD - Page 9
(Case No. 3:25-cv-02439)

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Ave., Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

## V.    ARGUMENT

This Court must affirm the Final Award because the Agreement and JAMS Rules contemplate confirmation and enforcement of the Final Award. The parties specifically agreed that "[a] court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration." Ex. 2 at ¶ 8. Consistent with the Agreement, JAMS Rule 25 provides that parties who have participated in an arbitration under the JAMS Rules "shall be deemed to have consented that judgment upon the award may be entered in any court having jurisdiction thereof." Accordingly, under both the Agreement and the JAMS Rules, the Final Award should be confirmed and enforced.

Applicable law also dictates that enforcement is appropriate. The parties explicitly agreed that the Agreement is a "contract governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*" Ex. 2 at ¶ 1. Likewise, under the JAMS Rules, "[p]roceedings to enforce, confirm, modify or vacate an Award will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. Sec. 1, *et seq*...." JAMS Rule 25. The Court's review of an arbitral award is "both limited and highly deferential." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009) *quoting Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review" of an arbitral award under the FAA. *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009). District Courts "must" confirm an arbitration award unless it is compelled to vacate, modify, or correct the award as narrowly proscribed in Sections 10 and 11 of the FAA. 9 U.S.C. § 9.

The District Court may vacate an arbitration award where "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10. The Ninth Circuit has held that "arbitrators exceed their powers when the award is completely irrational or exhibits a manifest disregard of the law." *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th

PETITION TO CONFIRM AND ENFORCE ARBITRATION
AWARD - Page 10
(Case No. 3:25-cv-02439)

GORDON REES SCULLY
MANSUKHANI, LLP
1300 SW Fifth Ave., Suite 2000
Portland, OR  97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

Cir. 2019) (internal citations and quotation marks omitted). An award is completely irrational not when the arbitrator wrongly interprets the contract, but when the decision entirely "fails to draw its essence from the agreement." *Id*. citing *Comedy Club*, 553 F.3d at 1288; *Bosack*, 586 F.3d at 1106 (explaining courts merely decide "whether the [arbitrator's] decision draws its essence from the contract, not the rightness or wrongness" of the arbitrator's contract interpretation). Here, the Final Award is not "completely irrational," nor does it exhibit a "manifest disregard of the law." *Aspic Eng'g & Constr. Co.*, 913 F.3d at 1166. Where, as here, BRIDGE moves for an order affirming the award and there are no grounds to vacate, the Court "shall" docket the judgment "as if it was rendered in an action," and "[t]he judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13.

The parties contracted for arbitration to be the forum in which they would resolve their disputes. *See generally* Ex. 2. The parties agreed that the "arbitration will be administered by JAMS, and except as provided in this Agreement, will be under the then current JAMS Employment Arbitration Rules & Procedures." *Id*. at ¶ 3. Arbitrator Trapp was duly appointed in accordance with the Agreement, and she applied the applicable JAMS Rules throughout the proceedings, including the rule that provides for sanctions—JAMS Rule 29.

The Agreement provides that BRIDGE would bear the arbitration fees and costs, although Ms. Smith would be responsible for the initial appearance and filing fees "applicable to court actions in the jurisdiction where the arbitration will be conducted." *Id*. at ¶ 7. The Agreement provides that each party would bear its or her own attorneys' fees and costs, except if any party prevails on a claim which affords the prevailing party attorneys' fees, the Arbitrator is authorized to award reasonable fees to the prevailing party as provided by law. *Id*. The parties agreed that "[t]he Arbitrator may award any remedy to which a party is entitled under applicable law[.]" *Id*. at ¶ 3. The Agreement provides that once the Arbitrator issues the decision in writing stating the

---

**PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD** - Page 11
(Case No. 3:25-cv-02439)

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Ave., Suite 2000
Portland, OR  97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

findings of fact and conclusions of law, "[a] court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration." *Id*. at ¶ 8.

As contemplated by the Agreement, the parties submitted their disputes for final and binding arbitration before JAMS. In accordance with the Agreement, the Arbitrator applied the JAMS Rules to conduct the proceeding. The JAMS Rules explicitly provide for sanctions under Rule 29. Those sanctions include terminating sanctions and empower the Arbitrator to award costs and fees. The Agreement is silent on the issue of sanctions and does not restrict the Arbitrator's ability to issue such sanctions. Where, as here, the rules provide that an arbitrator may enter terminating sanctions "in extreme cases," and the arbitrator makes such determination prior to issuing such sanctions, the arbitrator "act[s] within the scope of [her] authority under the [applicable] rules." *Willick v. Napoli Bern Ripka & Assocs., LLP*, 2018 U.S. Dist. LEXIS 227559, *13-14 (C.D. Cal. 2018) ("Because the Arbitrator entered an adverse ruling after determining that [the party's] conduct was extreme, he acted within the scope of his authority under the ADRS rules.").

In the 27-page Final Award, the Arbitrator extensively recounted the nature and scope of the parties' Arbitration Agreement, the applicability of the JAMS Rules, the factual background, the legal claims, the procedural history leading up to her sanctions order, and the reasonableness of BRIDGE's request for fees and costs. Throughout the Arbitration, Ms. Smith was completely out of control, and while she clearly and unequivocally proclaimed she would never abide by the Arbitrator's orders, she was given multiple opportunities to correct her offending behavior. Unfortunately, Ms. Smith refused to do so. To the extent Ms. Smith submitted any coherent responses at all, Ms. Smith conceded that she engaged in the conduct giving rise to the Preliminary Injunction, Permanent Injunction, and ultimate order of sanctions. Ex. 1 at 6-7. Rather than denying that she engaged in such conduct, Ms. Smith argued that her actions were justified. *Id*. Based on Ms. Smith's emphatic statements of noncompliance, refusal to participate in the Arbitration, and her blatant violations of the Preliminary Injunction and the Arbitrator's other

---

**PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD** - Page 12
(Case No. 3:25-cv-02439)

GORDON REES SCULLY
MANSUKHANI, LLP
1300 SW Fifth Ave., Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

orders, the Arbitrator determined this was an "extreme case" under JAMS Rule 29 and terminating sanctions were warranted. *Id*. at 4-24.

With respect to fees and costs, Ms. Smith "failed to respond… in any meaningful way" to BRIDGE's request for fees and costs. *Id*. at 25-26. "She did not object to the amount of fees and costs, the bases for those fees and costs, or the appropriateness of awarding them." *Id*. Ms. Smith, therefore, conceded to BRIDGE's arguments regarding fees and costs. *Id*. Although Ms. Smith "did not object to the amount of fees and costs, the bases for those fees and costs, or the appropriateness of awarding them[,]" and therefore "conced[ed] it through silence," the Arbitrator nevertheless evaluated BRIDGE's fee request and found it reasonable. *Id*. at 26. The Arbitrator evaluated the lodestar calculation and explicitly determined that BRIDGE's counsel's hourly rates and the number of hours billed were reasonable. *Id*. The Arbitrator particularly noted that BRIDGE's counsel charged reduced hourly rates, "utilized minimal but sufficient staffing," and that BRIDGE's lead counsel "voluntarily wrote off 30 hours of work." *Id*. at 26-27. The Arbitrator, therefore, awarded fees in the amount of $192,587.10 and costs in the amount of $40,216.58. In accordance with applicable law, the Arbitrator explained that "[a]ll amounts are subject to 9% interest in accordance with Or. Rev. Stat. § 82.010. Payment shall begin immediately." *Id*. at 27.

The fact that Ms. Smith refused to attend the final hearing does not render the Arbitrator's Final Award unsupported. *See e.g. Jules v. Andre Balazs Props.*, 2023 U.S. Dist. LEXIS 161406, *16-17 (S.D.N.Y. 2023) (evaluating JAMS Rule 29 and explaining that the Arbitrator was empowered to award fees and costs as a sanction and explaining that the Arbitrator acted within his authority when he held the final hearing without the party's attendance because the party had been given sufficient advance notice of the hearing and failed to attend). Because this was an "extreme case" and Ms. Smith had been warned multiple times that she could face terminating sanctions and an order of fees and costs, and because she was given sufficient notice of the hearing on BRIDGE's Notices and simply refused to attend, the Arbitrator acted well within her authority

**PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD** - Page 13
(Case No. 3:25-cv-02439)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Ave., Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

to issue sanctions in the form of judgment in favor of BRIDGE and order Ms. Smith to pay BRIDGE's attorney's fees and costs. For these reasons, the Final Award should be affirmed.

## VI.    MS. SMITH CONTINUES TO VIOLATE THE ARBITRATOR'S ORDERS

As the Arbitrator correctly noted, this is indeed an "extreme case." Ms. Smith has proclaimed that she will continue to violate the Arbitrator's orders and will continue to defame BRIDGE and its principals. As demonstrated in the attached Exhibit 8, which details some of Ms. Smith's most blatant proclamations of noncompliance, Ms. Smith made many of her promises to defame BRIDGE well after the Arbitrator issued the Permanent Injunction, and even after the Arbitrator issued the Final Award. To this day, Ms. Smith continues to egregiously defame BRIDGE by making the most outlandish false accusations of racism, financial impropriety, support of pedophilia, and many other horrible and untrue things. BRIDGE anticipates Ms. Smith will make good on her continued promises to defame BRIDGE. For this reason, BRIDGE requests the Court retain jurisdiction of the case after entering the Final Award as an order of the Court in the likely event that continued judicial intervention is necessary to prevent BRIDGE from suffering further irreparable harm.

///

///

///

///

///

///

///

///

///

///

///

---

**PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD** - Page 14
(Case No. 3:25-cv-02439)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Ave., Suite 2000
Portland, OR  97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

### VII. <u>REQUEST FOR RELIEF</u>

BRIDGE respectfully requests this Court:

1.     Confirm in full the Amended Final Award dated December 24, 2025;

2.     Enter judgment consistent with the Final Award, including the fee and cost amounts awarded, with 9% interest accruing as of the date of the Final Award;

3.     Enforce the Permanent Injunction as an order of this Court;

4.     Retain jurisdiction to enforce the Permanent Injunction, including through contempt proceedings if necessary; and

5.     Grant such other relief as the Court deems just and proper.

Dated: December 30, 2025                    GORDON REES SCULLY MANSUKHANI, LLP


By: *s/ W. Greg Lockwood*
W. Greg Lockwood, OSB No. 114415
wglockwood@grsm.com

**PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD** - Page 15
(Case No. 3:25-cv-02439)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Ave., Suite 2000
Portland, OR  97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600