# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

BRIDGE HOUSING CORPORATION,

        Plaintiff,

v.

ADDIE SMITH,

        Defendant.

Case No.: 3:25-cv-02439-YY

TEMPORARY RESTRAINING ORDER

      Before this Court is Plaintiff BRIDGE Housing Corporation's ("BRIDGE") *Ex Parte* Motion for Temporary Restraining Order ("Motion") against Defendant Addie Smith. Having considered the Motion, the evidence submitted, the record in this matter, and the applicable law, and good cause appearing, the Court FINDS and ORDERS as follows:

      BRIDGE has demonstrated a likelihood of success on the merits of its claims, including confirmation and enforcement of the arbitration award and permanent injunction issued by the arbitrator.

      BRIDGE has shown that it will suffer immediate and irreparable harm absent injunctive relief, including loss of goodwill, damage to business relationships, and reputational harm that cannot be adequately remedied by monetary damages.

      The balance of equities tips in BRIDGE's favor and the public interest favors the relief sought.

      BRIDGE has satisfied the requirements of Federal Rule of Civil Procedure 65(b)(1), including certification of efforts to provide notice and the reasons why notice should not be required.

No security is required under Federal Rule of Civil Procedure 65(c), because there is no realistic likelihood of harm to Ms. Smith from the issuance of this Order.

THEREFORE, the Motion is GRANTED. Ms. Smith is RESTRAINED AS FOLLOWS:

1.	Addie Smith is enjoined from taking any action, directly or indirectly, that is intended to or has the effect of interfering with BRIDGE's business relationships through defamatory statements or otherwise.

2.	Specifically, Addie Smith shall cease and desist from contacting third parties to the extent such contact involves Prohibited Statements about BRIDGE.

3.	Third parties include but are not limited to all of BRIDGE's current and prospective funders, donors, lenders, housing authorities, general contractors, subcontractors, oversight agencies and commissions, and other entities with whom BRIDGE transacts business. Third parties include individuals who are employed by, sit on the Boards of, or are affiliated with any of the foregoing third parties.

4.	Prohibited Statements include, but are not limited to, those which are designed to, or have the effect of discouraging the third party from entering into or continuing its relationship with BRIDGE.

5.	Statements are about BRIDGE if the reasonable listener would believe they relate to the company itself or BRIDGE's current or former leadership, or employees acting in their capacity as such. For the avoidance of doubt, BRIDGE's leadership and/or employees includes but is not limited to Ken Lombard, Delphine Sherman, Sierra Atilano, Rebecca Hlebasko, Jen Nelson, Nancy Nelson, Kira Bogle, Marco Ponce, Karen Felix, Chris Felix, and Sarah Buck.

This Order shall take effect immediately upon entry, shall remain in effect for at least fourteen (14) days, and may be extended by the Court or superseded by an order granting further

relief (including but not limited to the relief sought in the Petition to Confirm and Enforce the Arbitration Award).

**IT IS SO ORDERED.**

DATED this 6th day of February, 2026, at 6:00 p.m.

_____
Michael H. Simon
United States District Judge