# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRIDGE HOUSING CORPORATION**, | Case No.3:25-cv-2439-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **ADDIE SMITH**, | |
| Defendant. | |

In the accompanying Findings of Fact and Conclusions of Law, the Court found that Defendant Addie Smith ("Ms. Smith") willfully violated the Confirmed Permanent Injunction. Accordingly, the Court must fashion appropriate sanctions. As Plaintiff BRIDGE Housing Corporation ("BRIDGE") noted in its Motion, its request of Ms. Smith has been simple from the beginning—stop defaming BRIDGE and its personnel, and leave its funders, lenders, business partners, and housing authorities alone. No one is forcing Ms. Smith to violate the Court's Orders, and her behavior is entirely within her control. The Court imposes contempt sanctions with this in mind.

Where, as here, a defendant continues to engage in conduct requiring the plaintiff to repeatedly seek injunctive relief from the Courts, the award of a plaintiffs' attorney's fees and

PAGE 1 – ORDER

costs are appropriate compensatory sanctions because "but for Defendant's continuous violation of the injunctions, Plaintiff would not have suffered the harm—i.e., thousands of dollars in attorney's fees." *Future Motion, Inc. v. Tony Lai*, 2024 U.S. Dist. LEXIS 238354 *11, 2024 WL 5347389 (D. Or., Dec. 10, 2024) (emphasis in original). Here, the first injunction against Ms. Smith was entered in early November 2025 (the Preliminary Injunction). From that moment on, BRIDGE has had to seek continual relief from the Arbitrator and the Court to receive protection for which it was already entitled since the first injunction was entered. Indeed, while the Petition was pending, the Court issued a Temporary Restraining Order because Ms. Smith continued to violate the Permanent Injunction. The Court extended the Temporary Restraining Order while the Petition remained pending. ECF 16, 18. After the Permanent Injunction became an Order of the Court, Ms. Smith violated it again, which required BRIDGE to file another motion. Ms. Smith has caused BRIDGE to repeatedly request and receive the same protections time and time again. Appropriate compensatory sanctions, therefore, include BRIDGE's reasonable attorney's fees and costs incurred in this action. Id. at *2–3 (awarding "reasonable attorney's fees incurred to date" as an appropriate sanction for repeated violations of injunction); Perry v. O'Donnell, 759 F.2d 702, 705 (9th Cir. 1985) ("[T]he cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party and those costs would reduce any benefits gained by the prevailing party from the court's violated order").

Within twenty-one (21) days of this Order, BRIDGE shall submit to the Court its calculation of reasonable attorney's fees and costs. BRIDGE need not brief the reasonableness of its rates, as the Court has already adopted the Arbitrator's analysis finding BRIDGE's Counsel's rates are reasonable. ECF 1-1 at 26–28, ECF 20; ECF 24.

PAGE 2 – ORDER

To bring Ms. Smith into compliance with the court's Order, the Court will also issue coercive sanctions that are carefully crafted to incentivize Ms. Smith "to comply with the court's orders in the future" and which will therefore be "conditioned upon [Ms. Smith's] continued noncompliance." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992). Ms. Smith has had (and continues to have) the opportunity to avoid these coercive sanctions by taking the following remedial steps.

Within 21 days of this Order, Ms. Smith shall file with the court a sworn statement, under the penalty of perjury, detailing the content required by this Order. The statement shall include Ms. Smith's attestation that she has removed all posts from her public platforms and accounts to the extent those posts fall within the ambit of Prohibited Statements or other conduct prohibited by the Confirmed Permanent Injunction. For the avoidance of doubt, this remedial action shall not be limited to posts on the Scooter account and shall include all accounts on TikTok, X (formerly known as Twitter), YouTube, Facebook, Instagram, and any other social media, online forum, or digital platform over which Ms. Smith exercises ownership or control. Ms. Smith shall include screenshots or URLs for all covered accounts to support her attestation. The attestation shall also include Ms. Smith's sworn statement that she will not, now or in the future, knowingly violate the Confirmed Permanent Injunction.

If Ms. Smith fails timely to submit the required sworn statement, the following penalties will take effect immediately upon the expiration of the 21-day deadline. Ms. Smith shall be subject to a daily fine of $200 a day, payable to the Court. *Omnigen Rsch., LLC v. Yongqiang Wang*, 2018 U.S. Dist. LEXIS 250096, *33–34 (requiring patent-infringing defendant to submit proof of compliance with Court order and imposing $200 a day fine to be imposed if party failed to come into compliance within 21 days).

PAGE 3 – ORDER

The Court GRANTS BRIDGE's Motion for Contempt, finds Ms. Smith in contempt, and imposes against Ms. Smith the sanctions identified in this Order. BRIDGE may submit its fee petition.

**IT IS SO ORDERED.**

DATED this 27th day of April, 2026.

Michael H. Simon
United States District Judge

PAGE 4 – ORDER