**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **BRIDGE HOUSING CORPORATION**, | Case No. 3:25-cv-2439-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **ADDIE SMITH**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On March 13, 2026, the Court confirmed an Amended Final Arbitration Award between the parties to this case. ECF 20. On March 20, the Court entered judgment confirming the award in its entirety, incorporating it by reference, and confirming an award of attorney's fees and costs incurred during arbitration to Plaintiff. ECF 24. During this litigation, Defendant has violated a permanent injunction issued by the Arbitrator and confirmed by the Court. *See* ECF 16 (issuing a Temporary Restraining Order, enjoining Defendant from conduct covered by arbitrator's permanent injunction); ECF 18 (extending the TRO); ECF 24 (confirming permanent injunction); ECF 26 (finding Defendant in contempt and imposing sanctions for violations of the injunction); ECF 27 (holding Defendant in contempt for willful refusal to comply with the

PAGE 1 – ORDER

Confirmed Permanent Injunction). On April 27, the Court entered an Order and Judgment determining that Plaintiff is entitled to reasonable attorneys' fees and costs incurred as part of its efforts to enforce the arbitration agreement, including the permanent injunction, as an appropriate sanction for Defendant's violations of the injunction. ECF 26 at 2; ECF 27 at 2. Now before the Court is Plaintiff's Motion for Attorneys' Fees and Bill of Costs, ECF 28, ECF 30. Defendant has filed no response objecting to either of Plaintiff's requests. *See* ECF 31.

**STANDARDS**

A district court's disposition of a motion for attorney's fees must "provide a reasonably specific explanation for all aspects of a fee determination" to allow for "adequate appellate review." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010). The preferred method of calculating reasonable attorney's fees is the "lodestar" method. *Id.* at 551-52. This is because "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case," is "readily administrable," and is "objective." *Id.* (emphasis in original). Additionally, one purpose of federal fee-shifting statutes is to ensure that a prevailing plaintiff's counsel receive a fee that is "sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case." *Id.* at 552. The lodestar method of calculating attorney's fees "yields a fee that is presumptively sufficient to achieve this objective." *Id.* Although the lodestar calculation results in a presumptively reasonable fee, this fee may be adjusted in certain circumstances. *Id.*

The lodestar amount is the product of the number of hours reasonably spent on the lawsuit multiplied by a reasonable hourly rate. *McCown v. City of Fontana*, 565 F.3d 1097, 1102

PAGE 2 – ORDER

(9th Cir. 2009). [1] In making this calculation, the district court should take into consideration various factors of reasonableness, including the quality of an attorney's performance, the results obtained, the novelty and complexity of a case, and the special skill and experience of counsel. *See Perdue*, 559 U.S. at 553-54; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013).

In determining the number of hours reasonably spent, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown*, 565 F.3d at 1102 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez*, 729 F.3d at 1202.

The district court may determine, in one of two ways, whether hours are excessive, redundant, or otherwise unnecessary, and thus excludable. The court may conduct an hour-by-hour analysis of the fee request. *Id*. at 1203. Alternatively, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Id*. (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992)). "[W]hen a district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must 'set forth a concise but clear explanation of its reasons for choosing a given percentage reduction.'" *Id.* (quoting *Gates*, 987 F.2d at 1400). The Ninth Circuit recognizes one exception to this rule: "[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of

---

[1] It is "well established that time spent in preparing fee applications" also is compensable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (quoting *Anderson v. Director, OWCP*, 91 F.3d 1322, 1325 (9th Cir. 1996)).

discretion and without a more specific explanation." *Id*. (alteration in original) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

In addition, other courts, including the District of Oregon, specifically caution against both block-billing and providing vague or otherwise inadequate descriptions of tasks because these practices hinder a court's ability to assess the reasonableness of the time expended. *See, e.g.*, U.S. District Court, District of Oregon, Message from the Court Regarding Fee Petitions, *available at* https://ord.uscourts.gov/index.php/rules-orders-and-notices/public-notices (last updated Nov. 21, 2024). The Court has applied this cautionary statement, noting that "the court may excuse this method when the billing period is no more than three hours." *Updike v. Multnomah County*, 2020 WL 4736461, at *2 (D. Or. Aug. 14, 2020) (quoting *Noel v. Hall*, 2013 WL 5376542, at *6 (D. Or. Sept. 24, 2013)); *cf. Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011). For block-billing periods in excess of three hours, however, the Court has reduced each applicable entry by fifty percent. *See, e.g.*, *Fathers & Daughters Nevada, LLC v. Lingfu Zhang*, 2018 WL 3023089, at *5 (D. Or. June 18, 2018).

After determining the number of hours reasonably spent, the district court then calculates the reasonable hourly rates for the attorneys and paralegals whose work comprise the reasonable number of hours. This calculation yields the lodestar amount. For this purpose, the "'prevailing market rates in the relevant community' set the reasonable hourly rates." *Gonzalez*, 729 F.3d at 1205 (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Id.* (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)). Within this geographic community, the district court should consider the experience, skill, and reputation of the attorneys or paralegals involved. *Id.* at 1206.

PAGE 4 – ORDER

In determining reasonable hourly rates, typically "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In addition, courts in the District of Oregon have the benefit of several billing rate surveys. One useful survey is the Oregon State Bar 2022 Economic Survey (OSB 2022 Survey), which contains data on attorney billing rates based on type of practice, geographic area of practice, and years of practice. A copy of the OSB 2022 Survey is available at https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf (last visited on July 31, 2026).

There is a presumption that the fee arrived at through the lodestar calculation is a reasonable fee. *Perdue*, 559 U.S. at 552. A district court may, however, adjust the lodestar amount in "rare" and "exceptional" cases, such as when a particular factor bearing on the reasonableness of the attorney's fee is not adequately taken into account in the lodestar calculation.[2] *See Perdue*, 559 U.S. at 552-54 (finding that, in certain circumstances, the superior performance of counsel may not be adequately accounted for in the lodestar calculation); *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (finding that although

---

[2] Factors that may be relevant to the reasonableness of a fee include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation, and the ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Based on subsequent case law, a twelfth factor identified in *Kerr*, the fixed or contingent nature of the fee, is no longer a valid factor to consider in determining reasonable attorney's fees. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 n.7 (9th Cir. 2011).

PAGE 5 – ORDER

in ordinary cases the "results obtained" factor is deemed adequately accounted for in the lodestar calculation, it may serve as a basis to adjust the lodestar when "an attorney's *reasonable* expenditure of time on a case [is not] commensurate with the fees to which he [or she] is entitled").

**DISCUSSION**

**A.  Attorney Fees**

The Court already has determined that Plaintiff need not brief the reasonableness of its rates and has adopted the Arbitrator's analysis finding that Plaintiff's Counsel's rates are reasonable. ECF 26 at 2 (citing ECF 1-1 at 26-28; ECF 20; ECF 24). Those per-hour rates are $1,016 for Mr. Briggs, $795 for Ms. Davis, and $379 for Ms. Jones. ECF 29 ¶ 8.

Plaintiff's attorneys have provided billing records showing the hours they spent working on this case. ECF 29-1. Based on those records, Plaintiff claims that its attorneys worked 102.3 hours in this case. ECF 29 at 2-3; ECF 29 ¶ 10. The Court has carefully reviewed those records and sees no evidence of excessive, redundant, duplicative, or unnecessary labor, or block-billing. Moreover, Plaintiff's attorney, Mr. Briggs, argues that his team efficiently and successfully litigated the case. ECF 28 at 5. It is clear from Plaintiff's briefing and declarations that Plaintiff's attorneys made affirmative efforts to control costs. The case was leanly staffed, with only two attorneys and a paralegal assigned. ECF 29 ¶¶ 18-19. Mr. Briggs did not include in his request time worked that he considered excessive, redundant, or unnecessary. *Id*. ¶ 15. Plaintiff did not seek to recover fees based on the work of other attorneys and support staff who worked on the case. *Id*. ¶ 9; *see also id.* Ex. 1. Finally, presumably in the interest of economy and efficiency, Plaintiff seeks fees based on the 2025 rates that the Arbitrator already found to be reasonable rather than their higher 2026 rates. *Id*. ¶ 8.

PAGE 6 – ORDER

There remains, however, one problem with Plaintiff's Motion. Plaintiff's attorney declares that Plaintiff does not seek to recover fees incurred in the arbitration action because those were already awarded. *Id.* ¶ 7; *see also* ECF 24. Plaintiff's billing records; however, cover the period from December 2025 to April 2026, and include many entries applicable to the arbitration action. *See* ECF 29-1. Although the Court has no reason to doubt Plaintiff's attorney's representations, it also has no adequate way to verify which billing entries are for arbitration-oriented tasks for which Plaintiff has already been awarded fees and which entries are for the tasks pertinent to the instant Motion, and thus no adequate way to verify the total number of hours worked that are relevant here. As a result, to take Plaintiff's requested figures of 102.3 hours at face value would be to risk an inadvertent double award and fall short of the Supreme Court's admonition to "provide a reasonably specific explanation for all aspects of a fee determination" in order to allow for "adequate appellate review." *Perdue*, 559 U.S. at 558. To resolve this problem, the Court looks to the billing entry descriptions in the records provided and will grant fees only for those hours that contain descriptions that indisputably confirm the work performed was relevant to the instant motion. Based upon that review, the Court will award fees for 6.2 hours worked by Mr. Briggs, 35.8 hours worked by Ms. Davis, and 5.1 hours worked by Ms. Jones.

Multiplying the hours worked by the requested reasonable rates, the Court calculates that Defendant shall owe Plaintiff $36,693.10 in attorney's fees. Plaintiff does not seek to enhance the award of attorney's fees based on any of the *Kerr* factors, and so the Court does not consider whether such an enhancement is appropriate.

## B. Costs

The Court has previously determined that Defendant shall reimburse Plaintiff for reasonable costs. *See* ECF 27 at 2. Plaintiff requests $1,704.40 in costs and has provided a Bill of

PAGE 7 – ORDER

Costs confirming that Plaintiff paid $405 in fees of the clerk and $1,299.40 in fees for service of summons. ECF 30. The Court finds these costs reasonable and grants Plaintiff's request.

## C.  Interest

Post-judgment interest applies to "any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. That interest is "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." *Id*. The rate for the week preceding this order, beginning on July 24, is 4.10 percent, compounded annually. Interest will begin to accrue from the date of this Order.

**CONCLUSION**

The Court GRANTS Plaintiff's Motion for Attorney's Fees, ECF 28, and awards Plaintiff $36,693.10. The Court GRANTS Plaintiff's Bill of Costs, ECF 30, and awards Plaintiff $1,704.40. Defendant is directed to begin payments within 14 days of this Order. The Court further ORDERS Defendant to pay post-judgment interest on the amount awarded at a rate of 4.10 percent, accruing from the date of this Order.

**IT IS SO ORDERED.**

DATED this 31st day of July, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 8 – ORDER