**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **BRIDGE HOUSING CORPORATION**,<br><br>Plaintiff,<br><br>v.<br><br>**ADDIE SMITH**,<br><br>Defendant. | Case No. 3:25-cv-2439-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Defendant Addie Smith ("Ms. Smith") failed to appear in this action after she was served, ECF 11. The Court confirmed an arbitration award finding in favor of Plaintiff BRIDGE Housing Corporation ("BRIDGE") on its defamation and tortious interference claims against Ms. Smith, ECF 20. The Court entered a permanent injunction, ECF 24 ("Confirmed Permanent Injunction").

On April 27, 2026, the Court found Ms. Smith in contempt for violating the Confirmed Permanent Injunction, ECF 25 & 26, and entered a judgment of civil contempt, ECF 27 ("April Contempt Judgment"). Again, Ms. Smith failed to appear. In the April Contempt Judgment, the Court ordered that Ms. Smith (1) reimburse BRIDGE for all reasonable attorneys' fees and costs

incurred to date and (2) file a sworn statement with the Court identifying her social media accounts, confirming (with supporting documentation) that she has removed content violating the Confirmed Permanent Injunction, and affirming that she will not knowingly violate the Confirmed Permanent Injunction going forward ("Remedial Steps"). ECF 27 at 2. The Court also ordered that if Ms. Smith failed to complete the Remedial Steps, the Court would impose a fine of $200 for each day of noncompliance. *Id.*

Now before the Court is BRIDGE's motion for an order to show cause, ECF 33 ("Motion"), regarding Ms. Smith's contempt of court for continuing to violate the Confirmed Permanent Injunction. In its Motion, BRIDGE asserts that Ms. Smith has both continued to violate the Confirmed Permanent Injunction and failed to comply with the April Contempt Judgment. BRIDGE requests that the Court order Ms. Smith to appear before the Court to show cause as to why she should not be held in civil contempt and incarcerated until she purges her contempt by completing the Remedial Steps set forth in the Contempt Judgment.[1] Although Ms. Smith likely received notice of the Motion and a fair opportunity to be heard, Ms. Smith did not file a response to the Motion.

**DISCUSSION[2]**

BRIDGE presents compelling evidence that, since the April Contempt Judgment, Ms. Smith has (1) continued to make social media posts that violate the Confirmed Permanent

[1] On October 20, 2026, BRIDGE filed a "Notice of Non-Opposition," which suggests that, given Ms. Smith's failure to respond to the Motion, the Court should grant the motion without a hearing. ECF 40 at 2.

[2] The factual and procedural background of the underlying dispute between BRIDGE and Ms. Smith, as well as the circumstances underlying the April Contempt Judgment, are discussed at length in the Court's Findings of Fact and Conclusions of Law (ECF 25) issued in association with the April Contempt Judgment, and the Court will not repeat them here.

Injunction, *see* Motion at 6-11, 13-17, and (2) failed to comply with the April Contempt Judgment, *see id.* at 13-14. The Court disagrees, however, that a sanction of coercive incarceration is appropriate. Because BRIDGE has not requested any alternative sanction—and because the April Contempt Judgment already includes a fine for noncompliance—the Court does not find that any further relief is warranted at this time.

A district court's decision to hold a party in contempt and impose coercive sanctions is discretionary.[3] *See, e.g.*, *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) ("We review a district court's civil contempt order for an abuse of discretion."). In determining an appropriate coercive sanction, courts consider the "character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947)). The sanction imposed "may not be so excessive as to be punitive in nature," *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991), and courts should generally impose the "minimum sanction necessary," *United States v. Bright*, 596 F.3d 683, 696 (9th Cir. 2010).

Although coercive civil sanctions "generally take the form of conditional fines," *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016), a court may order that a defendant be civilly incarcerated under certain circumstances, *see United States v. Wiley*, 2018 WL 6920118, at *3 (D. Or. Oct. 31, 2018) ("Appropriate civil contempt sanctions may include a coercive daily fine, coercive incarceration, or a compensatory fine for actual losses or attorneys'

---

[3] A more comprehensive discussion of the general standards governing civil contempt proceedings can be found in the Court's Findings of Fact and Conclusions of Law (ECF 25) issued in association with the April Contempt Judgment.

fees and costs resulting from the improper behavior.”). Incarceration as a coercive sanction, however, is widely considered a remedy of “last resort.” *United States v. Bright*, 2009 WL 2971796, at *9 (D. Haw. Sep. 25, 2009); *United States v. Conces*, 507 F.3d 1028, 1043 (6th Cir. 2007); *see also NuScience Corp. v. Henkel*, 2014 WL 5846754, at *4 (C.D. Cal. 2014) (declining to civilly incarcerate the defendant because the court “does not believe such drastic action is required at this point in time”); *FTC v. Cardiff*, 2020 WL 2084677, at *3 (C.D. Cal. Mar. 31, 2020) (“[T]he Court declines to take the extreme step of coercive incarceration at this time.”).

Here, the “character and magnitude of the harm threatened by continued contumacy” militate against coercive incarceration. Ms. Smith’s social media posts, while harmful, do not warrant “the extreme step” of issuing a warrant for her arrest, even when coupled with Ms. Smith’s failure to comply with the April Contempt Judgment. *See Wiley*, 2018 WL 6920118, at *5 (“Even if the Court were to impose a fine, and defendant were not to pay it, the Court should find incarceration a disproportionately harsh sanction in this case at this time. Although the Court recognizes the continuing failure [of] defendant to comply, the availability of incarceration sanctions as a matter of law, and the seriousness of failing to comply with federal tax laws, incarceration is nonetheless not an appropriate sanction in this case at this time.”).

Moreover, based on the current record, the Court has concerns that even a sanction of coercive incarceration may be futile. *See* ECF 1-1 at 12; *see also United States v. Rapower-3, LLC*, 470 F. Supp. 3d 1232, 1250 (D. Utah 2020) (stating that the court had “little hope” coercive incarceration would induce compliance, and concluding that “coercive incarceration may go beyond the need to exercise the least possible power adequate to the end proposed”). Having considered the character and magnitude of the harm as well as the “probable effectiveness of any

suggested sanction," the Court concludes a sanction of coercive incarceration is inappropriate at this time.

## CONCLUSION

The Court DENIES Plaintiff's Motion for an Order to Show Cause. ECF 33.

**IT IS SO ORDERED.**

DATED this 18th day of November, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge